Afternoon, everybody. The first matter is Rivers versus Attorney General, Mr. Sachs. Good afternoon, judges. I'd like to reserve five minutes for rebuttal. I think this morning, it's about a quarter of a century, I think, since you've appeared before, argued before me. And then... Since the first time, you mean? Even the last time. Seems like that long. Okay, okay. Are you saying he's that old? We're both that old, yeah. It goes back to my old trial days. Okay, good afternoon, judges. Wayne Sachs on behalf of Calvin Rivers. Judges, in this case, the government is asking this court to do something actually unprecedented by enlarging the universe of aggravated felonies here to include an inchoate offense of solicitation, which is not listed in the statute. And the only time... This can never be an aggravated felony? That's correct. What if it pertains to an underlying crime of violence? Well, the only time, judge, to your point, that it's ever been linked in, the crime of solicitation to aggravated felony in the In case and Prakash and other cases that are in the brief, has been through the crime of violence section. And more specifically, the residual clause 16 B of the United States Code, which has since been held unconstitutional. So in the Maya, but the point here is that you have a B instead of F, which is trafficking in a controlled substance. And Al Sharif says you look to the substance, substantive provisions, as opposed to, I guess you would be what you call the inchoate provisions. Your Honor, to Al Sharif, we agree precisely with the analysis of Al Sharif. And Al Sharif, it was conspiracy, which was the statutory hook, which allowed them to view the substantive provision. It's a two-step process, and we agree fully. But in the... Isn't solicitation just an attempt to conspire? In Arizona? I'm sorry? In Arizona. Well, no, I think in Arizona, solicitation is a crime unto itself, which does not take on the nature, according to under Arizona law. And we've cited those cases in our brief, the Tellez case. And page 27 through 29 of our brief shows that under Arizona law, solicitation, in fact, does not take on the character of the so-called substantive offense. And the Arizona courts have been very, very clear about that. But before you even get to an analysis of Arizona law, I would just say to the point of whether the inchoate offense of conspiracy can ever be, of solicitation, can ever be an aggravated felony, as the court knows, Congress has not been shy about expanding the definition of aggravated felony from 1988 through 1990, through IRCA, through AIPA, through IRA-IRA, and now it's up to about 35 different provisions. There's no question that they had the opportunity to add the inchoate crime of solicitation, which, as the court also knows, is not found anywhere in 21 United States Code 841, or what's commonly referred to as the Drug Act. So the government is asking this court to read into the statute of crime that is not there. Moreover, even if you don't accept that fully, that all of those 16B cases, Guerrero, which the BIA issued, Nguyen from this circuit, Prakash from the 9th, even if you don't accept that those cases are, if not dead, then certainly on life support, even if you reject that fully, the crime for which my client was convicted could not be deemed to be a trafficking offense under the trafficking route in this circuit. There's no element of commercial remuneration, trading or dealing, unlawful trading or dealing. In fact, there's no transactional requirement whatsoever. Under Arizona law, the solicitation statute can be violated and someone can be found guilty for merely saying something to someone else and they're not even sure whether they're serious or not. It could be entirely a joke. We cited a case in there where the intent of the listener is unimportant. Now, the intent of the solicitor is to accomplish the crime of solicitation, but no case has ever said that intent alone satisfies the government's burden to show an element of unlawful trading or dealing. To solicit the crime of solicitation, which I understand is an independent crime under Arizona law, or is it to accomplish the impact or the effect of what is being solicited? Well, the intent under Arizona law is to promote or facilitate commission of the other crime. That is so. But the elements of the statute themselves do not have the commercial trading or dealing element. And I was actually surprised. And there's not a lot of cases on what constitutes commercial trading or dealing after the Lopez case in the Supreme Court. And certainly there are not a lot of cases in this circuit because it's usually self-evident whether a statute has a commercial element or not. But I was interested to see that the government's brief does not even mention Lopez, doesn't even mention it once. It was ignored by the government, and instead the government seeks to bootstrap the intent, the specific, even if specific intent, of the solicitation statute to fill in the gap of the trafficking element which is absent from the solicitation statute. And that was extremely surprising to me. And I'd also point out to the court that the cases cited in the government's papers where solicitation has been a prism by which to find that another section of the INA has been violated, for example, the controlled substances provision, are very different than the aggravated felony statute. Specifically, the case of Peters and Mizrahi, the Fifth and the Second Circuit case. In those cases, conceitedly, the judges used solicitation and said that just that solicitation to commit a crime relating to a controlled substance was in itself a crime relating to a controlled substance. But the aggravated felony statute with regard to the trafficking provision doesn't have that expansive language. You're either convicted of trafficking or you're not. As the court knows from Nijuan and all the expansive, the cases which allow the court to look beyond the elements of the statute specifically, this is not a relating to case. And so Peters and Mizrahi do not provide the government any support. I'm guilty to what? Solicitation of a controlled substance for sale? Possession of a controlled substance for sale. That's correct, Your Honor. And looking at what he's simply pled guilty to, it includes a trafficking element. Well, I disagree. I disagree, Your Honor. Solicitation itself does not include a trafficking element. But what he pled to was violation of Arizona Revised Statutes Sections 131002 and 13405, which is the first is solicitation. The second is possession of marijuana for sale. Your Honor, the reference to the possession of marijuana for sale statute drives the grading of the solicitation offense. So the solicitation offense is wholly separate and complete when the elements of solicitation, none of which include commercial trading, dealing, or most specifically, remuneration or any transaction. He was initially charged with possession of marijuana with intent to sell. But that's not what he pled guilty to. He pled guilty to the solicitation offense as it was graded based on the weight of marijuana. But that's not what he pled to. And I think that under Moncrieff, at least since Moncrieff, but really in this circuit way before that, in all of your categorical cases, going back to Wilson and Gurbier and Evanson and all through for the last 15 years, you focus properly on the conviction, not on the actual conduct and not on non-convicted counts. In this case, he did not plead to the underlying trafficking crime. He pled to a solicitation offense, which under Arizona law is wholly separate. I'd also like to make one further point. Before your time is up, maybe you can address the rule of lenity that you mentioned in your brief. Yes. If there's any question as to whether or not solicitation should be included in the 35 subsections of aggravated felony, and there's any ambiguity about that, the benefit should go down to the doubt of the petitioner. Because the harshness, and this is the last point before I'll sit down before rebuttal. As the court knows, the aggravated felony designation is the death penalty equivalent for non-citizens. That is to say, there's no relief available to someone who's designated as an aggravated felon. And contrary to my colleague's suggestion in their papers, my client will not escape consequences by escaping aggravated felony designation because we have already conceded that he's deportable under the Controlled Substances Act itself. Only in that case, he'd be eligible for a discretionary relief in the form of cancellation. I'll reserve the rest. Thank you. May it please the court. Virginia Lum for the United States of America. Contrary to Mr. Rivers' statement that this court has never held solicitation can be an aggravated felony in Ng v. Attorney General for 36 F. 3rd 392, this court similarly analyzed the solicitation offense under the AGFEL rubric and held that solicitation to commit murder in violation of federal statute. And that's why I asked Mr. Sachs about the underlying offense. That's right. But the court did. But in a commercial context. I'm sorry. Let's assume for a second this is a commercial setting. I'm not sure it is. But as the way Arizona defines solicitation. But what about in the situation where the crime does not in and of itself suggest violence, such as solicitation to commit murder? Take that aside. Is there a case where solicitation has been an aggravated? Not the exact words of solicitation, Your Honor. However, this court has looked at own in short crimes such as solicitation, such as conspiracy attempts to commit offenses. What were the offenses? His offense, again, as you recognize, is a solicitation to commit possession of marijuana, but a large amount of marijuana. I'm not talking about this case. I'm talking about the cases you're relying upon. Now, we're saying we've previously held the solicitation. Inquiry defenses can fit with an aggravated felony. I'm trying to get what's the underlying crime there. The underlying crimes. There were various crimes, Your Honor. But a lot of them dealt with similar circumstances in distributing for sale. Uh, uh, large amounts of cocaine. And was the plea there to a solicitation to do that or conspiracy to do that? Uh, conspiracy. Uh, and is that different? Given the Arizona statute and the wording of the federal statute? No, actually, it's it's not, Your Honor, because solicitation is a request or petition intended to obtain something criminally, urging, advising, uh, as in conspiring. Uh, just as, you know, conspiring to commit murder is an aggravated felony. But in the statute issue here, the word conspiracy does not appear, does it? I'm sorry, the word solicitation does not appear. It does not, Your Honor. Conspiracy does. It does not, Your Honor. And the other federal statutes, such as the U visa, where solicitation does appear. Is that at all significant? Well, Your Honor, we submit that just the generic listing of certain crimes in 1143, um, you know, does not foreclose, uh, similar crimes from being considered. Uh. One, are they really similar? And two, does the Maya impact that argument at all? I'm sorry, I didn't hear. The second point, does the Maya undermine the argument you just made? Number two, before that, you're putting a rabbit in the hat when you say similar crimes. I'm trying to get whether or not they're really similar. With Mr. Sachs's point is solicitation under Arizona law is complete upon the communication of the, the message, the solicitation. Even if there's no intent on the part of the listener, even if the listener does not receive that message, the crime of solicitation is still complete. There's no commercial quality to it. Which seems to be different than entering into an agreement to do something like distribute cocaine or marijuana. Well, Your Honor, um, referring you back to the plea that, uh. I know what he pled to. He pled to solicitation. He pled for sale. Um, uh, Mr. Rivers wants us to forget the word for sale. No, he wants us to remember the word solicitation. That's correct, Your Honor. But, uh, they're related. It's one transaction. He, he is, he pled guilty. I, I'll read it to you. I know, I've got it in front of me. I know what he pled guilty. Okay, and it is. It was a, this is going under Arizona law. Yes, and it is, um, designated under Arizona law as a class four felony. And there's also Arizona law, which specifies amounts of marijuana. And the Arizona law, uh, suggests it, well, it doesn't suggest it states that, uh, any amount over, uh, four pounds of marijuana is, um, a large amount considered for sale. And he pled guilty to that. He didn't have to do that. So just the fact that he said for sale, the fact that we don't see, uh, a transaction on his part doesn't, uh, negate, uh, what he was found guilty for. He, he knew upfront for sale, this large amount, Your Honor. And the fact that it doesn't say, you know, solicitation for obviously solicitation is, um, requesting something illegal, um, at the urging or advising or ordering something, someone to commit a crime. But you've got, let's just review the bidding. You start off with supposedly he under you, subsection U is solicitation to commit a crime. In this case, a controlled substance crime and trafficking is solicitation, a, an aggravated felony. And your opposing counsel says, and you does not mention solicitation. It mentions attempt or conspiracy is. So let's just assume that just deal with those two right now. Is there any attempt or conspiracy offense that would satisfy you, but would not satisfy any other subparagraph in 1143a? Your Honor, you cannot just isolate the solicitation. It has, as the courts recognize, You're saying they're tethered, right? You're saying that they're tied together. They are tied together. You have to look at, uh, you can't just have an aggravated felon. But if you're just looking at text and you doesn't say solicit, that is suggest to another to commit a crime. Talks about intent, attempt, which means I, I'm trying to do it and I fail or conspire. So the three of us get together and we suggest that we're going to But we don't carry it out. For example, here, but solicitation is not included. Hey, by the way, my suggestion to you is that you go pick up that marijuana and deliver it to X because that'll complete the sale. And all he's saying is I suggested it. I pled guilty to suggesting it. And that's a crime under Arizona law. But for purposes of what we have here, being ineligible for cancellation removal, the text doesn't cover me. So what? So how do we deal with that? We deal with it through the fact that a solicitation, just because it's not the same exact term as conspiracy or attempt to Well, there are three different things. As Judge McKee said, conspiracy or excuse me, the solicitation is included in another provision of the INA, but it isn't included here in this subparagraph you. So it seems like Congress knows what, when, when to put it in, when to take it out. And I, to me, although I was maybe being a little cute, that solicitation is an attempt to conspire. It's really three different things. Well, for example, the jury instructions under this statute in section 1002, the Arizona jury instruction state to find a defendant guilty of solicitation per section 13102, which is applicable here. The crime of solicitation to commit the crime, in this case, sale of a large amount of marijuana requires proof that the defendant, number one, intended to promote, facilitate, or encouraged, commanded, requested, or solicited another to engage in specific conduct that would constitute the object of the crime. We respond to the question because the hypothetical you were just given was someone suggesting the crime, suggesting that someone go pick up hypothetical cocaine. So reading back was the statute that we've all looked at. Yes. How does that help deal with the question before us? And that is whether or not solicit, the absence of the word solicitation in the aggravated felony statute is remarkable given its presence in the U visa statute. You want to submit it back into the statute that we're arguing about. You want us to put, along with solicitation, I'm sorry, along with conspiracy, you want us to put the word solicitation into the statute where Congress didn't put it in there. Well, Your Honor, that has to do with the U visa. Exactly. That's totally different from this. And this is an aggravated felony. But it's still the INA. Yes. Seeing as aggravated felony doesn't make it an aggravated felony. But I see that's a picture of Porky Pig up on the wall. That doesn't make, it doesn't turn Judge Seitz into, I guess there's Morris, into Porky Pig. Saying it doesn't make it true. He would be offended by that, by the way. That's why he should. Well, as the Fifth Circuit in the Mizrahi case, which we cited in our case, again, this, the alien there was convicted under solicitation. And the court recognized that Congress defines conspiracy in attempt, but did not define solicitation as you recognized. But held that the Beltran case by the board in 2002 said, including some generic in-show offenses does not necessarily exclude others. That was before the Maya, which was a 2016, I believe, 2016. Well, the Maya doesn't really, if you look at 16B, Your Honor, specifically. 16B or 15B? 16B, which is the, which is what was found unconstitutional in the Maya. Well, this is not a crime of violence anyway. It states. That's the distinction. This is not a crime of violence. Right, that's correct. So it's not really applicable. So I'm not sure where Petit is going. Are we confined to subsection U? That is what he was charged under. If there are others. Well, when he was, when he was charged, there was no question about this is an aggravated felony or not. Looking back, we're arguing about subsection U, that this falls under conspiracy or. Trafficking, that's trafficking. Trafficking. Yes. Are we confined to subsection U? Can we look at trafficking violations and say because of his plea under Arizona law, solicitation to commit possession of marijuana for sale. Are we confined to subsection U? That's really where I was asking you about as well. Are the two tied in some way or are they separate? Is B by itself? Al Sharif would seem to support you by saying you look at the sub paragraphs, the substantive paragraphs on their own and forgetting solicitation. If he agreed or suggested to somebody that and pled guilty to trying to get somebody to violate a law dealing with a controlled substance and asking that person to sell, do you really are you concerned with you at all? I'm just saying in much more many more words, what judge was question was. I think the softball, it's a softball. Just say no, no. I think, you know, you have to look at all of all everything as a total. We're not confined to that. But again, that that U does not restrict us from looking at solicitation. You're missing the intent of the question. Maybe you do have to look at it in total. But perhaps Al Sharif says you don't have to look at it in total. You have to look at it each on its own legs. And whether he pled guilty to soliciting or attempting or conspiring or actually doing it, he was involved in a statute that related to the trafficking in a controlled substance for sale. Correct. And I think if you read you as an attempt or conspiracy, I'm saying leave you out. Can you can you fit that under any of the other offenses? Amen. I'm not. George, a would be an offense relating to racketeering influence. We're limited to you and B. And the question is, can you consider B in and of itself without even considering the word solicitation? Can you make the argument in the brief? Yes. You listed trafficking. You can. Forty three B is illicit trafficking. Including a drug trafficking crime. Again, it refers you to drug trafficking and drug trafficking under criminal law. Involves that again. Trafficking involves a commercial transaction, commercial relationship. It involves selling. This argument is that solicitation does not suggest a commercial enterprise. I don't mean enterprise in the RICO sense, a commercial undertaking, because the overture in and of itself is the solicitation. So when you start talking about putting it within a commercial context, kind of get away from where the questions I think want you to go in terms of getting an answer to help us out. Well, if you if you're going to be talking only about commercial in terms of trafficking and exchange of something and something for, you know, the sale. Exchanging illegal drugs for another event, criminal event. It doesn't have to be commercial in this terms, in the sense of money. That would still be a commercial. It would be some kind of consideration for the furnishing of the illegal drug. Right. That would be there is an agreement. And that that's where we get the solicitation. It's where you get conspiracy. The agreement gives you the conspiracy. We don't have conspiracy here. Maybe the question is in the subsection. We should look at it in terms of conspiracy. But then I was going to ask you about the Ninth Circuit's decision in Sandoval. However, your argument. Again, I bring you back to what petitioner pledged to. Pled guilty to possession of this large amount of drugs for sale. Sale is commercial. Just pick up on one final question that Judge McKee asked earlier of your opposing counsel. If there's an ambiguity here, why wouldn't the rule of lenity come into play saying similar to a 2005 case that we had? Okay. That because deportation or removal is so significant that ambiguity should be construed in favor of the alien. I mean, you're going back and forth. You're both making good arguments in your briefs. So why isn't this ambiguous at this point in time? Well, our position is that it's not ambiguous. Your Honor. What if it is? What if we disagree with you? Where does that get us? Well, until the law is changed by Congress. That then petitioner should be removed. Okay. Which law should Congress change? When you're asking us to amend and setting solicitation into statute or another one? If that's where this court finds the ambiguity. But other courts have found that that is not the case, as we've cited in our briefs. And courts have found where they feel uncomfortable and there is an ambiguity, we look to the administrative agency. And in this case, under Beltran and subsequent cases, the agency has held that solicitation can be trafficking. Isn't the definition of legal terms a function for the courts and not for an administrative agency? Thank you. It is, Your Honors. However, unless the interpretation by the agency is unreasonable and we submit that the cases are not and that the agency is committed. That assumes an ambiguity. I don't want to go back over to Marbury versus Madison, but that's kind of where that question was going. But I think we understand your argument. Thank you, Ms. Long. Thank you. Thank you, Judge Ember. I want to clear up because I respectfully disagree with the read of Al-Sharif. Al-Sharif was precisely a two step analysis. Al-Sharif was convicted of conspiracy to commit wire fraud. Once the Al-Sharif court decided that it was one of the uncoated offenses listed under you, that enabled them to go to the second level of the categorical analysis to determine whether the wire fraud fell within, I guess, the fraud related subsection. So Al-Sharif offers no secret to the government whatsoever. Secondly, and I want to... The question really becomes the one that Judge Roth and I were both saying differently. And that is, if you plead guilty to soliciting in the trafficking of a controlled substance or for sale, forget whether it's solicitation, forget whether it's conspiracy, or forget whether it's attempt, in and of itself, is that enough to preclude consideration for cancellation of removal? If you're convicted of an aggravated felony, you can't get cancellation of removal. There's 35 ways you can be convicted of an aggravated felony. And is... Uncoated offenses are one. Trafficking is one. My first argument is that we never even get to disguiding whether it's trafficking or not, because the strict construction of the aggravated felony statute, those 35 subsections, are very clearly exclude solicitation. But if we get to the trap... If we just get to B, to trafficking, for the reasons set before and laid forth extensively in the brief, specifically because it's an offense that is complete upon acting, which can be, in the least culpable conduct context, mere encouragement, and it has no element of trading, dealing, or remuneration. Lopez versus Gonzalez said, there has to be some sort of commercial dealing for it to be a trafficking case. And so, it's a very simple answer. Whether... Whatever you might think Mr. Rivers' ultimate goal was, or ultimate intent, or whether Mr. Rivers was involved, or he wanted a drug deal to go down, or anything like that, all that is off the table. Because he pled guilty to one thing. And it's not, most respectfully, well, it's conspiracy, it's attempt, it's solicitation, it's being part of the drug business. It's not that. He pled guilty to one statute. And I... You're saying he fits only under U, and U doesn't cover solicitation. I'm saying he doesn't fit under U, and he doesn't fit under B. Right. But he could only fit under INCOWAIT provision. But in this particular case, Congress knows how to say attempt, conspiracy, and solicitation. They don't say solicitation. That's correct. And if you throw my argument out there, and you just analyze him as, to Judge Roth's point, independently as B, trafficking, the crime to which he pled guilty does not pass this court's trafficking element test. The double test that this court has for deciding whether someone is a drug trafficker. The hypothetical federal felony was, we know that's not in play, because solicitation is not a federal felony. In fact, it's not a federal crime. So, Route B... Under the Controlled Substances Act, it's not a federal crime. It's not a federal crime. And, but Route B, does it have a trafficking element? The elements of solicitation does not have a trafficking element. And I just want to say that you did use the word relating to, meaning to say was his conduct relating to a drug deal in some way. I don't want to put words in your mouth, but... Well, I mean, he didn't say relating. I mean, he laid it on the line. I try to get somebody to commit a crime of possession of marijuana for sale. Right. But the term relating to is in 1227. That has to do with whether something is a drug offense. And we have conceded that. Right. Not whether he has been convicted of, not relating to drug trafficking, but of drug trafficking. And that's what this case is about. Thank you. Thank you.